UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QAISAR KHAN,  )
an individual,  )
  )
       Plaintiff,  )  CASE NO.: 8:22-cv-2011
  )
vs.  )
  )
SUNSHINE RESTAURANT  )
MERGER SUB, LLC,  )
a Delaware Limited Liability Company,  )
  )
  )
       Defendant.  )
_____)

## COMPLAINT

Plaintiff, QAISAR KHAN (hereinafter "Mr. Khan" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues SUNSHINE RESTAURANT MERGER SUB, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, QAISAR KHAN, is a resident of Pasco County, Florida.

1

4.      QAISAR KHAN is a qualified individual with a disability under the ADA.  In 2003, MR. KHAN suffered a severe injury to his back resulting in trauma to his T4 and T5 vertebrae. As a result, he is paralyzed from the waist down.

5.      MR. KHAN's disability, at all times material hereto, impairs his ability to walk and stand, major life activities, and requires him to use a wheelchair to ambulate.

6.      Upon information and belief SUNSHINE RESTAURANT MERGER SUB, LLC, a Delaware Limited Liability Company (hereinafter referred to as "Sunshine" or "Defendant") is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: IHOP, generally located at 4736 US Highway 19, New Port Richey, FL 34652 (referred to herein as the "Property").  Defendant is responsible for complying with the ADA.

7.      All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9.      The Property, a restaurant, is open to the public and provides goods and services to the public.

10.     Plaintiff has visited the Property and attempted to utilize the goods and services offered at the Property.

11.     While at the Property in late August of 2022, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. Despite the accessibility issues, Plaintiff continues to desire to visit the Property because he enjoys the food there and because of its convenient location, but fears that he will again encounter serious difficulty due to the barriers discussed herein.

13. Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered by and which hindered Plaintiff's access to the Property:

    A. Plaintiff encountered inaccessible parking designated for disabled use near the main entrance of the Property due to Defendant's failure to provide an unobstructed access aisle adjacent to the disabled use parking spaces. More specifically, there is a large built-up curb ramp which protrudes into the access aisle of two (2) of the disabled use parking spaces. Furthermore, this condition is made worse by handrails which have been added to the ramp which further obstruct the access aisle and render the parking space completely unusable for Plaintiff or anyone else in a wheelchair.

    B. Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to excessive slopes, disrepair and cracks within the disabled use parking spaces. This condition makes the disabled use parking more difficult and dangerous for Plaintiff to use.

    C. Plaintiff encountered inaccessible curb ramps leading from the

      disabled use parking spaces to the store entrance due to pavement in disrepair and, as noted above, because the ramp improperly protrudes into the parking spaces. This condition made it more difficult and dangerous for Plaintiff to maneuver over the ramp to the entrance.

    D. Plaintiff encountered inaccessible sidewalk routes at the Property due to a lack of connecting curb ramps to the neighboring plaza and obstructions including fixed benches and trash cans which obstruct the sidewalk. This prevented Plaintiff from traveling between the IHOP store and the other sections of the larger plaza in his wheelchair.

15. Plaintiff has observed all public portions of the Property. However, upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a formal inspection is performed by an expert can all said violations be fully identified.

16. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

        Louis@kumussman.com

        By: */s/ Louis I. Mussman*
        Louis I. Mussman, Esq. (Lead Counsel)
        (FL Bar # 597155)
        Brian T. Ku, Esq.
        (FL Bar #: 610461)